**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**(COLUMBIA DIVISION)**

| | |
|---|---|
| GRANDE PRODUCE, LTD. CO.,<br><br>Plaintiff,<br><br>- v. -<br><br>ANTONIO ARELLANO d/b/a<br>MEXUSA PRODUCE, LLC,<br><br>Defendant. | Case No.  3:26-cv-2577-JFA |

**COMPLAINT**

Plaintiff Grande Produce, Ltd. Co. ("Grande Produce" or "Plaintiff"), by and through undersigned counsel, as and for its complaint against defendant Antonio Arellano d/b/a MexUSA Produce, LLC ("Arellano" or "Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1.     Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. §§ 499e(b) and 499e(c)(5), and  28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's non-PACA claims pursuant to 28 U.S.C. § 1367.

2.     Venue in this District is based on 7 U.S.C. § 499e(c)(5) and 28 U.S.C. § 1391 because Defendant resides in or has his principal place of business in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

3.     At all relevant times, Plaintiff is and was a Texas Limited Liability Company having its office and principal place of business located in Texas; is and was engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate

- 1 -

commerce or contemplation thereof; and is and was licensed as a dealer under PACA holding PACA license number 20031208.

4.     Defendant is and was an individual doing business as MexUSA Produce, LLC and a resident of South Carolina, engaged in the business of buying wholesale quantities of Produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

## GENERAL ALLEGATIONS

5.     This action is brought to enforce PACA's trust provision, the 1984 amendment to Section 5(c) of the PACA, P.L. 98-273, 7 U.S.C. § 499e(c)(5).

6.     Defendant purchased Produce from Plaintiff weighing in excess of 2,000 pounds in a day on multiple days, including 4,662.50 pounds of Produce purchased on July 17, 2023.

7.     Between July 17, 2023 and December 4, 2023, Plaintiff sold to Defendant goods and Produce, being perishable agricultural commodities, at the agreed total invoice price of $74,729.44, of which $70,520.71 remains due and owing. Plaintiff's Statement of Account and invoices are attached hereto as Exhibit 1. Of the $70,520.71 balance owed, $66,528.21 is owed for Produce items.

8.     Defendant accepted the Produce and other goods.

9.     Defendant did not pay for the Produce and other goods.

10.     At the time of Defendant's receipt of the Produce, Plaintiff became a beneficiary of the PACA statutory trust designed to ensure payment to Produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendant since the creation of the trust.

11.    Plaintiff preserved its interest in the PACA trust in the amount of $66,528.21 by placing the language set forth in 7 U.S.C. § 499e(c)(4) on the face of its invoices to Defendant and remains a beneficiary until full payment is made for the Produce. *See* Invoices, at Exhibit 1.

12.    Plaintiff's invoices include terms for the payment of interest at a rate of 18% per annum on past due balances, attorneys' fees, and costs as sums owing in connection with the transactions at issue. *See* <u>Exhibit 1</u>.

13.    Defendant defaulted in payment and the full balance owed to Plaintiff of $70,520.71 is due and owing.

14.    Plaintiff repeatedly demanded payment for its sales of Produce and other goods, but Defendant has not paid the balance owed.

15.    Defendant's failure, refusal, and inability to pay Plaintiff indicates that Defendant is failing to maintain sufficient assets in the statutory trust to pay Plaintiff and is dissipating trust assets.

## <u>AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT</u>
(Injunctive Relief)

16.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17.    Defendant's failure to make payment to Plaintiff of trust funds in the amount of $70,520.71 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

18.    Under PACA, Plaintiff is entitled to injunctive relief against Defendant, enjoining and restraining him and his agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover of PACA trust funds in the possession of third parties.

19.    Plaintiff requests entry of a preliminary and permanent injunction enjoining and restraining Defendant and his agents from dissipating trust assets belonging to Plaintiff and

requiring the turnover of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
(Failure to Make Prompt Payment)

20.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21.     Defendant received the Produce on which this action is based.

22.     PACA requires Defendant to promptly tender to Plaintiff full payment for the Produce received.

23.     Defendant has failed and refused to pay for the Produce supplied by Plaintiff within the period required by 7 C.F.R. § 46.2(aa)(5).

24.     As a direct and proximate result of Defendant's failure to pay promptly, Plaintiff has incurred damages in the amount of $66,528.21, plus interest from the date each invoice became past due, costs, and attorneys' fees.

25.     Plaintiff requests entry of judgment against Defendant in the amount of $66,528.21, plus interest at a rate of 18% per annum, costs, and attorneys' fees under the trust provisions of PACA.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT
(Failure to Maintain Statutory Trust)

26.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27.     Defendant received all of the Produce on which this action is based.

28.     Defendant has failed to pay Plaintiff in full for the Produce that he received from Plaintiff.

29.     Defendant has failed to hold the Produce and its proceeds in trust so that they are

- 4 -

freely available to pay Plaintiff as required by law.

30. Defendant has failed to maintain the PACA trust required by 7 U.S.C. § 499e(c).

31. Defendant has failed to promptly pay PACA trust funds to Plaintiff.

32. Defendant's failure to comply with his statutory obligations under the PACA trust is an illegal act.

33. As a result of Defendant's above-stated actions, Plaintiff has incurred damages in the amount of $66,528.21, plus interest from the date the Plaintiff's invoices became past due, costs, and attorneys' fees.

34. As a further result of the Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

35. Plaintiff requests entry of judgment against Defendant, in the amount of $66,528.21 plus interest at a rate of 18% per annum, costs, and attorneys' fees under the trust provisions of PACA.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT ARELLANO
(Failure to Pay For Goods Sold)

36. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37. Defendant failed to pay Plaintiff the amount of $70,520.71 owed to Plaintiff for goods received by Defendant from Plaintiff.

38. As a direct and proximate result of Defendant's failure to pay Plaintiff, Plaintiff has incurred damages in the amount of $70,520.71, plus interest from the date each invoice became past due, costs, and attorneys' fees.

39.     Plaintiff requests entry of judgment against Defendant in the amount of $70,520.71 plus interest, costs, and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT
(Breach of Contract)

40.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41.     Defendant received Plaintiff's invoice without objection on or about the date indicated on the faces of the invoice.

42.     Plaintiff's invoice to Defendant constitutes a valid and enforceable agreement between the parties.

43.     Defendant breached the agreement between the parties by failing to timely remit payment for the goods he received from Plaintiff.

44.     Plaintiff has performed all of the duties, obligations, and conditions precedent on its part to be performed under the invoices.

45.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $70,520.71, plus interest from the date each invoice became past due, costs, and attorneys' fees.

46.     Plaintiff requests entry of judgment against Defendant in the amount of $70,520.71 plus interest, costs, and attorneys' fees.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT
(Interest and Attorneys' Fees)

47.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 46 above as if fully set forth herein.

48.    PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendant.

49.    As a result of Defendant's continued failure to make full payment promptly in the amount of $70,520.71, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendant to comply with his contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

50.    Plaintiff seeks reimbursement for its reasonable and necessary attorneys' fees, expenses and costs expended in the prosecution of this action pursuant to its invoices and to PACA.

**WHEREFORE,** Plaintiff respectfully prays that the Court grant to Plaintiff the following relief:

A.    On the first cause of action, a preliminary and permanent injunction enjoining and restraining Defendant and his agents from dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B.    On the second cause of action, judgment in favor of Plaintiff and against Defendant, in the amount of $66,528.21, plus interest, costs, and attorneys' fees, under the trust provisions of PACA;

C.    On the third cause of action, judgment in favor of Plaintiff and against Defendant, in the amount of $66,528.21, plus interest, costs, and attorneys' fees, under the trust provisions of PACA;

D.    On the fourth cause of action, judgment in favor of Plaintiff and against Defendant in the amount of $70,520.71, plus interest, costs, and attorneys' fees;

E.    On the fifth cause of action, judgment in favor of Plaintiff and against Defendant in the amount of $70,520.71, plus interest, costs, and attorneys' fees;

F.    On the sixth cause of action, judgment in favor of Plaintiff against all Defendant, for

pre-judgment interest, costs, and attorneys' fees; and

G.     Such other and further relief as the Court deems just and proper.

Dated:  June 29, 2026.

Skinner Law Firm, LLC

By:     _/s/ Randy A. Skinner_____
Randy A. Skinner
Federal ID #5412
Skinner Law Firm, L.L.C.
The Ogletree Building
300 North Main Street, Suite 201
Greenville, South Carolina 29601
Telephone: (864) 232-2007
Facsimile: (864) 232-8496
E-mail: main@skinnerlawfirm.com

and

MCCARRON & DIESS
Kate Ellis
4530 Wisconsin Avenue N.W., Suite 301
Washington, D.C. 20016
(202) 364-0400/(202) 364-2731 - fax
kellis@mccarronlaw.com
*Pro Hac Vice Forthcoming*

*Counsel for Plaintiff*